J-S11004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IRA NEAL GOLDBERG | |
| Appellant | No. 732 MDA 2014 |

Appeal from the PCRA Order March 31, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004558-2011

BEFORE: PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J. **FILED APRIL 07, 2015**

Appellant, Ira Neal Goldberg, appeals from the order denying his petition for relief pursuant to the Post Conviction Relief Act. Additionally, his appointed counsel, Marc J. Semke, Esquire, has filed a petition to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). After careful review, we grant permission to withdraw and affirm the PCRA court's order.

The following history of Goldberg's criminal conviction is taken from this court's memorandum resolving Goldberg's direct appeal.

> Appellant and his wife (Wife) have been married for over 20 years. At some point prior to June 2011, Wife began undergoing treatment for a pelvic mass that doctors believed might be malignant. Wife was scheduled to have the mass surgically removed on June 16, 2011. The operation was to be performed

by Dr. McCormick at York Gynecologic Oncology at the Apple Hill Women's Center.

On June 14, 2011, two days before the scheduled surgery, the couple received a phone call from Dr. McCormick's office informing them that the surgery was cancelled. The office explained that it is their policy that surgical patients undergo pre-operative testing, including an electrocardiogram (EKG), a chest x-ray, and blood work. If any of these test yields abnormal results, the patient is advised to see his or her family practitioner before he or she will be cleared for surgery. In this case, Wife's EKG was abnormal and she was instructed that the scheduled surgery would be cancelled to allow her to follow-up with her family doctor who would determine whether she could be medically cleared for surgery.

At approximately 1:30 p.m., after learning that the surgery was cancelled, Appellant telephoned Dr. McCormick's office and spoke with medical assistant April Reisinger (Reisinger). Reisinger testified that Appellant was irate, screaming and cursing. At some point, Appellant told her "[Appellant and Wife] were going to show up [June 16, 2011] for her surgery or Dr. McCormick would be attending his own fucking funeral." Reisinger "told him that was considered a threat and [Dr. McCormick's office] could have him arrested for that." She further informed him that she was not going to talk to him and he could call back once he had calmed down. She instructed Appellant to contact Wife's primary care physician who "wanted her to have further cardiac testing before her surgery." Reisinger reported the incident to her office manager, Karen Snider (Snider).

A few minutes after the first phone call, Appellant called Dr. McCormick's office again. This time he spoke with office assistant Annette Travis (Travis). In contrast with the previous phone call to Reisinger, Travis described Appellant's voice as "calm." Appellant told Travis "the phone call has been made, my guns are on order and either [Wife's] surgery will be done or Dr. McCormick will die on Thursday [June 16, 2011]." Travis testified that she did not get the chance to respond because Appellant immediately disconnected the call. Travis reported the incident to Snider. Snider testified that after Travis reported the second phone call, she contacted York Hospital security and called the police.

At trial, Appellant admitted that he could have possibly made threats during the first phone call, but denied making any threats during the second phone call. Appellant also testified that he waited until he cooled down for a couple of minutes before making the second phone call.

Based on the above, Appellant was charged with terroristic threats and harassment. On February 8, 2012, following a jury trial, Appellant was found guilty of terroristic threats. On March 21, 2012, Appellant was sentenced to a term of five years' probation and 250 hours of community service. No post-sentence motions were filed. Appellant filed a timely notice of appeal on April 19, 2012.

*Commonwealth v. Goldberg*, No. 781 MDA 2012, at 1-4 (Pa. Super. January 3, 2013) (unpublished memorandum).

On direct appeal, Goldberg challenged the sufficiency of the evidence and two of the instructions the trial court had given the jury. This Court affirmed the judgment of sentence. Less than nine months later, Goldberg filed a *pro se* petition pursuant to the PCRA. Attorney Semke was appointed by the PCRA court and filed an amended petition.

The PCRA court notified Goldberg of its intention to dismiss his amended petition, and Goldberg filed a premature notice of appeal to this court. However, on the next day, the PCRA court entered the order denying the petition, rendering Goldberg's notice of appeal timely. *See* Pa.R.A.P., Rule 905(a)(5).

We begin by addressing Attorney Semke's petition to withdraw. Our Supreme Court has summarized the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions as follows:

Independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:

1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his [or her] review;

2) A "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was meritless.

*Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009) (citations omitted). Additionally, this Court has added a requirement:

that PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed pro se or with the assistance of privately retained counsel.

*Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011) (emphasis omitted; citation omitted). Counsel in this case has complied with the mandates of *Turner* and *Finley*, as summarized in *Pitts*, as well as complying with the mandate of *Widgins*. Thus, we must determine whether we agree with counsel's assessment of Goldberg's claims.

Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well-settled. We must examine whether the record

- 4 -

supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **See Commonwealth v. Hall**, 867 A.2d 619, 628 (Pa. Super. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Our scope of review is limited by the parameters of the PCRA. **See Commonwealth v. Heilman**, 867 A.2d 542, 544 (Pa. Super. 2005).

Goldberg first contends that the PCRA court erred in finding that he could not establish prejudice from trial counsel's failure to call two witnesses at trial. We presume that counsel was effective and an appellant bears the burden of proving otherwise. **See Commonwealth v. Steele**, 961 A.2d 215, 223 (Pa. 2007).

> To prevail on his ineffectiveness claims, Appellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction.

**Commonwealth v. Spotz**, 18 A.3d 244, 260 (Pa. 2011) (citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." **Commonwealth v. Morrison**, 878 A.2d 102, 105 (Pa. Super. 2005) (citation omitted). Counsel cannot be deemed ineffective for failing to raise a meritless claim. **See Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).

The PCRA court found that Goldberg had not pled that either witness was willing to testify on his behalf, nor had Goldberg pled that the absence of this testimony was prejudicial. Attorney Semke, in his letter to Goldberg, noted that both witnesses are attorneys with the Pennsylvania Office of General Counsel. Both had received letters of complaint filed by Goldberg against Dr. McCormick which were written after Goldberg had been charged in this matter. Attorney Semke further asserted that the witnesses have no direct knowledge of what occurred and that the proposed testimony was irrelevant to the issues at trial.

Goldberg did not respond to this letter, and therefore these assertions are unchallenged before us. As a result, we can find no error in the PCRA court's conclusion that a hearing was unnecessary to determine the merit of Goldberg's ineffectiveness of counsel claims.

In his final issue on appeal, Goldberg asserts that the PCRA court erred in concluding that he could not establish prejudice from appellate counsel's failure to challenge, on appeal, the trial court's denial of a request for a mistrial pursuant to a discovery violation committed by the Commonwealth. In his letter to Goldberg, Attorney Semke concluded that the evidence at issue, an e-mail from Travis to Snider, was essentially identical to Snider's testimony at trial, as well as Snider's statement in the police report. Thus, Attorney Semke opined, the Commonwealth's discovery violation did not deprive Goldberg of a fair trial, and a mistrial was not an

appropriate remedy.  ***See Commonwealth v. Ligons***, 773 A.2d 1231, 1237 (Pa. 2001).

Once again, Goldberg does not contest this analysis.  We find this analysis is an accurate assessment of the circumstances, and, as a result we conclude that the PCRA court did not err in concluding that Goldberg could not prove any prejudice arising from the failure to raise this claim on direct appeal.  Our independent review of the record does not reveal any other meritorious issues available to Goldberg.

As we conclude that none of Goldberg's issues on appeal have any merit, we grant permission to withdraw and affirm the order of the PCRA court.

Order affirmed.  Permission to withdraw as counsel granted.  Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/7/2015